Douglas C. Smith, Esq. (State Bar No. 160013)
dsmith@smitlaw.com
Nathan A. Perea, Esq. (State Bar No. 235791)
nperea@smitlaw.com
SMITH MITCHELLWEILER, LLP
4204 Riverwalk Parkway, Suite 250
Riverside, California 92505
Telephone: (951) 509-1355
Facsimile:  (951) 509-1356

Attorneys for Defendants
COUNTY OF RIVERSIDE, DEIN McCOY,
TRACY MONROE, LIANE HILEMAN,
MARK RIGALI, STANLEY SNIFF,
SUSAN LOEW, DOUGLAS D. BAGLEY and FREDERIC BRUHN, M.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| EMANUEL WILLIAMS, II, ROSEMARY WILLIAMS, E.W. M.W.<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, DEIN McCOY, TRACY MONROE FREDERIC BRUHN, M.D., LIANE HILEMAN, MARK RIGALI, STANLEY SNIFF, SUSAN LOEW, DOUGLAS D. BAGLEY, and Does 1 through 10 inclusive<br><br>Defendants. | CASE NO.: CV 09-04291 DSF (RZx) [Assigned to the Honorable Judge Dale S. Fischer]<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>[filed concurrently with the STIPULATION TO ENTER PROTECTIVE ORDER]<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT<br>*Complaint Filed on June 18, 2009* |

TO THE PARTIES AND THEIR ATTORNEYS:

THE COURT having reviewed the Stipulation to Enter Protective Order filed concurrently herewith, which was agreed and entered into by the parties, herein, by and through their respective attorneys on September 7, 2010, and having found the terms, conditions, definitions, effect, as well as the overall subject matter is within the scope of the Federal Rules of Civil Procedure Rule 26(c), and

1  appropriate for a Protective Order, and having found good cause for a Protective
2  Order to protect sensitive information;
3  IT IS HEREBY ORDERED AND DECREED THAT:
4      1.  **Protected Information:** ~~The parties having agreed that~~ certain
5  information created and maintained by the parties, and/or their experts relating, ~~but~~
6  ~~not limited~~ to, medical treatment, medical data, raw data, analysis, diagnosis and
7  prognosis of the plaintiffs in this matter either is or may be confidential, personal,
8  and/or embarrassing and subject to protection pursuant to FRCP Rule 26(c)
9  ("Protected Information"), ~~the parties have agreed to have an~~ and therefore a
10 Protective Order ("Order") is entered for the purpose of protecting the privacy of
11 plaintiffs, and to govern the designation, production, handling, and treatment, as
12 well as the provision of access to the public, of all "Confidential" documents and
13 information, that falls within the above categories and is obtained and observed by
14 the parties or their agents, including but not limited to, attorneys, experts, and staff,
15 which is produced, obtained, observed or is otherwise provided by the parties and
16 their agents during the course of litigation.
17     2.  **Documents:**  When used in this Order, the word "Document" means
18 and includes, but is not limited to, all written documents, tangible materials and
19 things, intangible data, records, recorded graphics, electronically stored files,
20 electronic data, raw data in any file format, and includes such information and
21 Documents produced during the course of litigation.
22     3.  **Designation of Confidential Documents:**  The parties and/or their
23 agents and experts, may designate any Document as Protected Information by
24 stamping the first page and each page thereafter on tangible documents as
25 "*Confidential*" or to the extent the information is contained in a non-tangible
26 format,  notifying the recipient in a cover letter, or within the body of the cover
27 email, the statement that the "*The information contained herein and/or attached*
28 *hereto is Confidential and subject to a Protective Order.*"  The designating party

1  shall notify all parties of the designating party's election to designate any such
2  document as "Confidential" within 30 days from the date making the
3  "Confidential" designation. Any and all documents that include mental health
4  records, social services records, and/or medical records shall be deemed
5  confidential and shall be governed by this Order.  In addition, any party may
6  designate as "Confidential" and subject to this Order, any informtion contained in
7  the documents, and any summaries, copies, abstracts, or other documents derived
8  in whole or in party from documents desgignated as "Confidential".

9      4.   **Challenge to Confidentiality Designation:**  If any party objects to
10 the designation of any Document(s) produced or filed as "Confidential", under the
11 above definitions, that party may file a motion to resolve the dispute regarding
12 whether such Document(s) qualified for Confidential status.  Interested parties
13 shall attempt to resolve any such disagreements before submitting them to the
14 Court pursuant to Local Rule ~~7-3~~ 37.  Pending resolution of a dispute over the
15 status of Documents under this Order, the disputed Document(s) shall be
16 considered a Confidential Document subject to the protection of this Order.  At all
17 relevant times, the party seeking to assert a Document's confidentiality bears the
18 burden of showing good cause.

19     5.   **Identification of Counsel:** For the purposes of this Order, "counsel"
20 or "attorney" means counsel of record for the parties of this action and all their
21 employees, agents and experts.

22     6.   **Use of Confidential Material:** Confidential Documents shall be used
23 solely for the purpose of conducting the action entitled EMANUEL WILLIAMS,
24 II, ROSEMARY WILLIAMS, E.W. M.W. Plaintiffs, vs. COUNTY OF
25 RIVERSIDE, DEIN McCOY, TRACY MONROE FREDERIC BRUHN, M.D.,
26 LIANE HILEMAN, MARK RIGALI, STANLEY SNIFF, SUSAN LOEW,
27 DOUGLAS D. BAGLEY, and Does 1 through 10 inclusive, Defendants. CASE
28 NO.: CV 09-04291 DSF.

1  ///

2

3        7.    **Use and Designation of Confidential Material in Court Filings:**

4  Portions of confidential records (such as medical records) may be attached to any

5  pleading, motions, affidavits, declarations, deposition transcripts, briefs, or other

6  documents filed with the Court, but all documents that have been designated

7  "Confidential" must be filed under sealed envelopes in a manner that complies

8  with the applicable Local Rules and this Order.  When submitting or filing records

9  with the Court under seal, the parties shall use the following designation:

10       CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER. THIS

11       ENVELOPE , CONTAINING THE ABOVE-IDENTIFIED PARTIES

12       FILED BY [NAME OF THE FILING PARTY], IS NOT TO BE

13       OPENED NOR THE CONTENTS THEREOF DISPLAYED TO

14       ANYONE OTHER THAN THE COURT AND ITS STAFF, OTHER

15       THAN BY COURT ORDER OR AGREEMENT OF THE PARTIES.

16       Only Confidential records will be filed under seal. The pleadings, motions,

17 affidavits, declarations, deposition transcripts, briefs, or other documents filed with

18 the Court will not be filed under seal.

19       8.    **Disclosure of Confidential Material:** All Confidential records shall

20 be controlled and maintained in a manner that precludes access by any person not

21 entitled to access under this Order.  Confidential information may be disclosed

22 only to the following persons:

23       (a)    Counsel, including paralegal, investigative, secretarial, and

24               clerical personnel including law students, if applicable, who are

25               engaged in assisting such counsel in the above entitled action;

26       (b)    Any independent outside expert or consultant, and employees

27               and assistants under the control of such expert or consultant,

28               who is engaged by counsel in this litigation, whether or not

|    |     |                                                                      |
|----|-----|----------------------------------------------------------------------|
| 1  |     | such expert is paid directly by a party;                             |
| 2  | /// |                                                                      |
| 3  | (c) | Any director, officer, or employee of a party who is requested       |
| 4  |     | by counsel for such party to work directly on the above entitled     |
| 5  |     | action;                                                              |
| 6  | (d) | Any deposition or trial witness;                                     |
| 7  | (e) | Any person who authored or received the particular Confidential      |
| 8  |     | information sought to be disclosed;                                  |
| 9  | (f) | Any court or other shorthand reporter or typist recording or         |
| 10 |     | transcribing testimony; or                                           |
| 11 | (g) | The Court.                                                           |

Confidential information shall not be disclosed to persons described in Paragraphs 8(b), (c), or (d) unless or until such persons have been provided with a copy of this Order and have agreed in writing to abide by and comply with the terms and provisions therein on the Non-Disclosure Agreement attached hereto as Exhibit "A."

9. **Use of Confidential Information During Discovery: Depositions:** A party may designate as Confidential the deposition transcript relating, referencing, describing, or otherwise discussing Confidential Documents, and all exhibits to the deposition by indicating on the record at the deposition that certain information is Confidential and subject to the terms of this Order. Alternatively, a party may make a Confidential designation by notifying all parties in writing within twenty (20) days after the deposition transcript is received by the party of the portions of the transcript and/or exhibits designated as Confidential.

During this interim twenty (20) day period, the entire transcript and the exhibits attached thereto shall be treated by all the parties as Confidential. All transcripts and deposition exhibits containing any confidential information shall be marked: "CONFIDENTIAL".

1  ///

2  ///

3      10.    **Use of Confidential Information at Hearing or Trial:** ~~A party may,~~
4  ~~subject to the rules of evidence and order of the Court, use any Confidential~~
5  ~~information for any purposes at trial or at any hearing before a judicial officer in~~
6  ~~the above entitled action. Any confidential information used in any court~~
7  ~~proceeding shall not lose its Confidential status through such use, unless the Court~~
8  ~~orders otherwise. Nothing in this Order shall prevent Confidential information or~~
9  ~~Documents designated as Confidential, including documents that may have relied~~
10 ~~upon, derived from, or otherwise use Confidential information and/or Documents,~~
11 ~~from being presented to a jury at the time of trial.~~

12     This order does not govern the use of confidential information in connection
13     with dispositive motions, or at trial.  If protection is desired in connection
14     with those proceedings, it must be sought separately, from the judicial
15     officer who will preside at those proceedings.

16     11.    **Preservation of Rights and Privileges:**  Nothing contained in this
17 Order shall affect the rights of any party or witness to make any other type of
18 objection or claim.

19     12.    **Modification of the Protective Order:** This Protective Order shall
20 not prevent a party from applying to the Court for relief therefrom, or from
21 applying to the Court for an additional protective order, or for modification of this
22 Order with the Court's approval. Upon conclusion of the above entitled action, the
23 provisions of this Order shall continue to be binding.

24     13.    **Return of Materials:**

25     Within thirty (30) days after the conclusion of the above entitled action,
26 including, without limitation, any appeal or retrial, all Confidential information,
27 including copies, extracts, or summaries, shall be returned to counsel who provided
28 it. Alternatively, a party or counsel in possession of documents containing

1  confidential information shall certify in writing within the 30-day period that all
2  such documents have been destroyed.  As to those materials which contain
3  confidential information, but constitute or reflect counsel's work product, all such
4  work product and all copies shall either by destroyed or retained by counsel in a
5  secure place, subject to this Protective Order.
6  ///
7        14.    **Inadvertent Disclosure:**
8        Should any Confidential information be disclosed, through inadvertence or
9  otherwise, to any person not authorized to receive it under this Order, then the
10 disclosing person(s) shall promptly: (a) identify the recipient(s), and the
11 circumstances of the unauthorized disclosure to the relevant producing person(s);
12 and (b) use best efforts to bind the recipients to the terms of this Order.  No
13 information shall lose its Confidential status because of any inadvertent
14 disclosure to a person not authorized to receive it under this Order, provided that
15 the corrective action under this section is taken.
16       15.    **Objections:** Nothing in this stipulation and/or protective order shall
17 be construed to constitute a waiver, express or implied, of any party's right to
18 object to the production and release of Documents.  Should any objections be made
19 to the release of any Documents, the party doing the objecting shall provide a
20 privilege log at the time of objection that contains a brief description of the
21 Document, its author, the date it was created, and the specific objection being
22 made.  Any party at that time may pursue any rights under the law it has to compel
23 production of said Document(s).
24
25 SO ORDERED.
26
27 DATED: September 30, 2010                    _____
28                                              Honorable Ralph Zarefsky
                                                U. S. MAGISTRATE JUDGE